# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9278 | **DATE** | January 4, 2012 |
| **CASE TITLE** | D'Andre Howard (#2009-0024976) v. C/O Maselko, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc [3]) is granted. The Court authorizes and orders Cook County Jail officials to deduct $1.20 from Plaintiff's account and to continue making monthly deductions in accordance with this Order. The Clerk shall send a copy of this Order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. Additionally, Defendants Moreci and Dart are dismissed as Defendants. The Clerk is directed to issue summonses for Defendant Maselko and the U.S. Marshal is directed to serve him. The Clerk is also directed to send Plaintiff a Magistrate Judge Consent Form and filing instructions along with a copy of this Order. Plaintiff's motion for appointment of counsel (Doc [4]) is denied.

■ **[For further details see text below.]** **Docketing to mail notices.**

## STATEMENT

Plaintiff D'Andre Howard has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on October 21, 2011 he was assaulted by other inmates at the Cook County Jail and was injured. More specifically, Plaintiff alleges that Correctional Officer Maselko ("Maselko") left the control area for Tier 2E and a fight broke out between other inmates. Maselko watched and did not intervene as Plaintiff was hit in the head with a dinner tray. When Plaintiff asked Maselko for assistance, Maselko closed a door in Plaintiff's face, after shoving him to the ground. Defendant Maselko then watched as other inmates stomped, kicked, and hit Plaintiff with a "soap sock." Plaintiff also names Tom Dart and Superintendent Moreci as Defendants, seemingly in their supervisory capacities.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.20. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, attn: Cashier's Desk, 20th Floor, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

# STATEMENT

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act as to Defendant Maselko for deliberate indifference to a substantial risk of serious harm. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). While a more fully developed record may belie the Plaintiff's allegations, Defendant Maselko must respond to the complaint.

However, Plaintiff has failed to state a cause of action against Defendants Dart and Moreci. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under Section 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Section 1983 does not create collective or vicarious responsibility. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (citing *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). To be held liable under Section 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for recovery under Section 1983. *Hildebrandt v. Illinois Dep't of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). Plaintiff makes his claims against Defendants Dart and Moreci in their supervisory capacity. Plaintiff has alleged no facts suggesting their direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at their direction or with their knowledge and consent. *Id.* The mere fact that Defendants Dart and Moreci hold supervisory positions is insufficient to establish liability, as the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under Section 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Because Plaintiff has failed to state any facts suggesting that Defendants Dart and Moreci were personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, he has failed to state a claim against them.

The Clerk shall issue summons for service of the complaint on Defendant Maselko. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this Order.

The United States Marshals Service is appointed to serve Defendant Maselko. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant Maselko with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant Maselko. If Defendant Maselko cannot be found at the work address provided by Plaintiff, the Cook County Jail shall furnish the Marshal with Defendant Maselko's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file or disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant Maselko in the manner prescribed by Federal Rule of Civil Procedure 4(d)(2) before attempting personal service.
**(CONTINUED)**

## STATEMENT

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant Maselko [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant Maselko]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

    Plaintiff has submitted a motion for appointment of counsel. The motion is denied, without prejudice to later renewal. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Plaintiff has alleged no disability that might preclude him from pursuing the case adequately on his own. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney appears to be necessary, at least not at this time. The Court also notes that judges give *pro se* litigants wide latitude in handling their lawsuits. Plaintiff may renew his request, if he wishes, after Defendant Maselko responds to the complaint.