UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| D'ANDRE HOWARD (#2009-0024976), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 11 C 9278 |
| | ) | |
| CORRECTIONAL OFFICER JOSEPH MASELKO, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Now before the Court are Defendants' Joseph Maselko ("Maselko"), Cook County Sheriff Tom Dart, and Cook County Jail Superintendent Daniel Moreci (collectively "Defendants") motion for summary judgment under Federal Rule of Civil Procedure 56. For the following reasons, the motion is granted.

## BACKGROUND[1]

Plaintiff D'Andre Howard ("Howard") was a pre-trial detainee at the Cook County Jail from April 18, 2011 until approximately February 19, 2013 when he was transferred to a facility in Pontiac, Illinois, due to overcrowding. When Howard entered the Cook Count Jail ("Jail") he signed a Cook County Jail History Card

---

[1] The following facts are taken from the parties' respective statements and exhibits filed pursuant to Northern District of Illinois Local Rule 56.1. The Court reviews each Local Rule 56.1 statement and disregards any argument, conclusion, or assertion unsupported by the evidence in the record.

acknowledging that he received the inmate rules and regulations, specifying the requirements for filing a grievance.

On October 21, 2011 Howard was being held in Tier 2E ("Tier") of the Jail. At some point that evening Howard was involved in an altercation involving 12 to 13 inmates. Several of the inmates wielded cutting instruments and used soap socks, a mace-like weapon. The fight began when Howard and a fellow inmate were unexpectedly mauled by a group of 5 to 6 individuals. During the course of the growing altercation Masleko entered the Tier and instructed all inmates to return to their cells. When Howard resisted Masleko's instructions Howard was physically restrained and brought down to the ground. At some point after Maselko entered the Tier, the fight reignited and Howard was attacked again outside his cell. Howard suffered injuries as a result of the two altercations and was taken to the hospital for medical treatment.

On December 21, 2011 a prison social worker received Howard's inmate grievance, concerning the altercation on October 21, 2011. The grievance, which was dated November 11, 2011, focused on Maselko's failure to protect him from other inmates and his failure to write up his attackers. On December 29, 2011, Howard brought this pro se civil rights action pursuant to 42 U.S.C § 1983, claiming that Maselko violated his constitutional rights by acting negligently in failing to protect him from the attack. On February 21, 2012 Howard received a response to his December 21, 2011 grievance which was determined by the Cook County Sheriff's

Office's ("CCSO"). Howard only appealed the CCSO's determination concerning his lack of access to the photographs of the inmates involved in the altercation. Howard never mentioned Maselko's conduct in the appeal.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, discovery, disclosures, and affidavits establish that there is no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (a); *Winsley v. Cook Cnty.*, 563 F.3d 598, 602-03 (7th Cir. 2009). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues on which the non-movant bears the burden of proof at trial. *Id.* The non-movant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; he must go beyond the pleadings and support his contentions with proper documentary evidence. *Id.* The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

DISCUSSION

This Court cannot entertain Howard's § 1983 claims because he failed to exhaust his administrative remedies prior to bringing this suit. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that prisoners exhaust all available administrative remedies before bringing a § 1983 lawsuit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). In order to satisfy the PLRA'S exhaustion requirement, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). If a prisoner fails to properly avail himself of the prison's grievance process, he may lose his right to sue. *Id.* Moreover, exhaustion is a precondition to filing suit, so that a detainee's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398. Exhaustion is an affirmative defense, and the burden of proof is on the defendant. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

The Cook County Department of Corrections ("CCDOC") has established an Inmate Grievance Procedure which requires inmates to file a grievance within 15 days of an incident. To file a grievance the inmate must complete an Inmate Grievance Response Form, sign and date the form and deliver it to a prison social worker. After

receiving the inmate grievance the CCSO must determine if a remedy is warranted and subsequently inform the inmate in writing of its decision.  If the inmate disagrees with the decision, he may appeal the grievance decision.  The inmate has 14 days from the receipt of the decision to complete a Request for Appeal form and submit it to the Administrator of Program Services ("APS").  After APS reviews the appeal a final determination is rendered and a written finding is presented to the inmate.  At this point, the administrative process is complete.

Howard's complaint alleges that Maselko negligently failed to intervene in an altercation which occurred on October 21, 2011.  CCDOC Inmate Grievance Procedures requires that all grievances must be filed within 15 days of the incident, which is the subject of the complaint.  Howard's grievance was filed December 21, 2011, 52 days after the incident.  Even if the Court leniently considered the day Howard signed the grievance, November 11, 2011 as the day of his filing, Howard is still outside the period specified to file grievance.  In Howard's response to the Defendant's motion, he states for the first time that he filed an earlier timely grievance, which was lost.  Howard does not supplement his assertion with any evidence indicating that he filled out or filed a timely grievance prior to the December 21, 2011 filing.  Howard has failed to establish that he filed a timely grievance concerning Maselko's conduct pursuant to the CCDOC Inmate Grievance Procedures.

Assuming arguendo, that Howard had filed an earlier timely grievance which was lost, Howard still did not exhaust his administrative remedies with respect to the CCDOC Inmate Grievance Procedures appeals process concerning the December 21, 2011 grievance. Howard failed to appeal the determinations of the CCSO as required by CCDOC Inmate Grievance Procedures. After Howard filed his grievance on December 21, 2011 he immediately filed the instant action on December 29, 2011. When he filed the instant lawsuit Howard had not received the determination of the CCSO concerning his grievance. Nearly two months later, on February 21, 2012, Howard received the final determination of CCSO concerning his December 21, 2011 grievance. When Howard did appeal the CSSO determination the only issue he appealed was the CCDOC's failure to provide him with photographs of his inmate attackers, so charges could be brought. Howard never contested the CCDOC's determinations concerning Maselko's conduct. The evidence clearly indicates the Howard did not exhaust his administrative remedies prior to filing suit.

## CONCLUSION

For the aforementioned reasons, the Defendants's motion for summary judgment is granted.

_____
Charles P. Kocoras
United States District Judge

Dated: April 19, 2013